```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

ZINA HALFKENNY,

        Plaintiff,

vs.                                  Civil Action 2:11-CV-1145
                                                Judge Marbley
                                                Magistrate Judge King

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.

### REPORT AND RECOMMENDATION

      This is an action instituted under the provisions of 42 U.S.C. §§ 405(g), 1383(c) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. This matter is now before the Court on plaintiff's *Statement of Errors*, Doc. No. 11, and the Commissioner's *Memorandum in Opposition*, Doc. No. 14.

      Plaintiff Zina Halfkenny filed her applications for benefits on September 28, 2009, alleging that she has been disabled since February 1, 2003,[1] due to a slipped disc, nerve damage in her spine and legs, and diabetes. *Page ID* 219. The applications were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

      A video hearing was held on May 18, 2011, at which plaintiff, represented by counsel, appeared and testified, as did Lynne Kaufman, who testified as a vocational expert. In a decision dated June 14, 2011, the administrative law judge found that plaintiff was not disabled within the meaning of the Social Security Act. *Page ID* 38-44. That decision became the final decision of the Commissioner of Social

---

[1] At the administrative hearing, plaintiff amended her disability onset date to April 23, 2009. *Page ID* 55.

Security when the Appeals Council declined review on October 19, 2011. *Page ID* 30-32.

Plaintiff was 42 years old on her alleged disability onset date. She has a high school education and one year of college. *Page ID* 224. She has prior relevant work experience as a research analyst, a customer service clerk and a service order clerk. *Page ID* 220, 228-31.

Plaintiff testified at the administrative hearing that she was terminated from her last job in July 2009 because she was "[u]nable to perform the duties required for that position." *Page ID* 59. Sitting or standing for long periods of time was difficult. *Page ID* 59-60. Plaintiff estimated that she can sit or stand for no more than fifteen minutes. *Page ID* 60.  She can lift, with difficulty, up to five pounds. *Id.* Plaintiff has pain in her upper and lower back, neck, arms, hands, and legs. *Id.* She takes Oxycodone and has a TENS unit. *Id.*

Plaintiff is primarily responsible for household activities, although she also relies on her 9 year old son for help. *Page ID* 61. She drives short distances, using a back support in her vehicle. *Id.* She can use a computer for short periods of time.  *Page ID* 62. Typing is difficult for her because of the pain. *Id.*  A typical day is spent lying down and using a heating pad. *Id.* She rates her pain at an 8-9 on a 10-point scale, even with medication. *Id.*

The vocational expert was asked to assume a claimant with plaintiff's vocational profile who can lift or carry ten pounds occasionally and ten pounds frequently, who can stand or walk, with normal breaks, for a total of two hours in an eight-hour workday, and who can sit for six hours in an eight-hour workday; who can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds; who can occasionally perform other postural activities, and who can use her hands frequently. *Page ID* 69-70.  The vocational expert testified that such a claimant could perform plaintiff's past relevant work as a research assistant or analyst. *Page ID* 70. Asked to assume a limitation on the use of hands to only occasional, the

vocational expert testified that plaintiff's past work and all other sedentary work would be precluded. *Page ID* 70.

An April 23, 2009 MRI of plaintiff's lumbar spine revealed mild degenerative disc disease at L5-S1 with a posterior left paramidline annular tear and a broad-based central disc protrusion but no significant central spinal canal stenosis. There was also minimal foraminal narrowing. *Page ID* 296-97.

Plaintiff was evaluated at the Orthopedic and Spine Center on May 19, 2009 for complaints of chronic neck, back and extremity pain and numbness of the upper and lower extremities bilaterally. *Page ID* 284-86. The examining certified nurse practitioner noted that plaintiff requested strong pain medication. *Page ID* 285. Physical therapy was prescribed. *Id.* An EMG performed the following day showed moderate peripheral neuropathy of both lower extremities, mild median neuropathy across the wrist at the carpal tunnel on the left, and possible L5 radiculopathy on the left. *Page ID* 290-93. Plaintiff refused the EMG needle exam after the first needle stick, because of needle phobia. *Page ID* 290. In June 2009, plaintiff was prescribed Neurontin and advised to start physical therapy. *Page ID* 279-80.

Plaintiff attended physical therapy from June 24, 2009 through September 2, 2009. *Page ID* 299-316. Physical examination showed some reduced range of motion, diminished reflexes and positive straight leg raising. *Id.* Upon discharge, plaintiff's prognosis was characterized as good, with noted improvement in her ability to perform daily activities. Specifically, plaintiff could sit for up to 30 minutes at a time and could stand for at least 45 minutes. It was noted that plaintiff wore a brace only with mowing. *Page ID* 299. A workout program was recommended. *Page ID* 300.

An October 5, 2009 x-ray of plaintiff's left hand showed a possible abnormality at the interphalangeal ["IP"] joint of the thumb, small osteophytes at the distal interphalangeal ["DIP"] joints of the hand, joint compartment narrowing at the proximal interphalangeal

3

["PIP"]and DIP joints of the second through fifth digits, and a 5 - mm exostosis projecting from the radial aspect of the first metacarpal and at the radial articulating surface at the radial navicular joint. *Page ID* 359.

In December 2009, the record was reviewed by state agency physician, William Bolz, M.D., who opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently, could stand and/or walk for six hours in an eight-hour workday, and could sit for six hours in an eight-hour workday. *Page ID* 374. Plaintiff could engage in postural activities occasionally, except that she could never climb ladders, ropes, or scaffolds. *Page ID* 375. Dr. Bolz also found that plaintiff's allegations were partially credible. *Page ID* 378. According to Dr. Bolz, physical therapy notes showed that plaintiff had improved range of motion and the MRI showed only mild abnormalities. *Page ID* 374.  Dr. Bolz's assessment was affirmed by state agency physician Gerald Klyop, M.D., in June 2010. *Page ID* 469.

A repeat x-ray of the left-hand was taken in January 2010. The radiologist concluded, "Soft call; there may be low-grade arthrosis at IP joint of thumb." *Page ID* 391.

April 2010 x-rays of plaintiff's cervical spine were normal. *Page ID* 447.

Plaintiff has received primary care at the Linden Medical Center for chronic low back pain, left carpal tunnel syndrome, bilateral lower extremity neuropathy and poor circulation. *Page ID* 323-67. On April 2, 2010, a physician with the Linden Medical Center reported that, despite plaintiff's lumbar spine pain, she had a normal gait and could use her extremities for functional tasks without limitation. *Page ID* 398.  However, Tapaswini Trivedi, M.D., physician at Linden Medical Center, opined on April 12, 2010, that plaintiff could lift less than five pounds due to bilateral neuropathy in her legs and low back tenderness. *Page ID* 405. According to Dr. Trivedi, plaintiff could stand/walk less than 30 minutes in an

eight-hour work day because her legs gave out, and could sit for less than 30 minutes in an eight-hour work day, for only 15 minutes at a time, due to low back pain and leg numbness. *Id.* She could perform no postural activities, could never push or pull, could only occasionally reach, handle, and feel but could frequently perform gross and fine manipulation. *Page ID* 405-06. Plaintiff should also be restricted from working around heights, moving machinery and temperature extremes; she would need a sit/stand option. *Page ID* 406. Plaintiff has been prescribed a brace and a TENS unit, but not a cane or walker. *Id.* Dr. Trivedi rated plaintiff's pain as severe. *Id.*

Plaintiff continued to treat at Linden Medical Center through at least July 2011. *Page ID* 415-47, 451-58, 471-80. Plaintiff was prescribed physical therapy in May 2010. *Page ID* 441. June 2010 office notes referred to a left wrist splint; plaintiff had not yet started physical therapy. *Page ID* 440. A right wrist splint was prescribed for right carpal tunnel syndrome in July 2010. *Page ID* 431. Office notes throughout 2010 noted hand swelling. *Page ID* 425, 427, 429. During an examination in October 2010, William Washington, M.D., reported that plaintiff experienced neck pain and bilateral carpal tunnel syndrome and pain associated with numbness in both lower legs. *Page ID* 420.

In February 2011, Dr. Washington opined that plaintiff could lift less than five pounds, could stand/walk for 30 minutes in an eight-hour work day for up to 10 minutes at a time, and could sit for a total of eight hours during the work day, for 15 minutes at a time. *Page ID* 448. Plaintiff would also need a sit/stand option. *Page ID* 449. According to Dr. Washington, plaintiff could not complete any postural activities, could never push or pull, could only occasionally reach, handle and perform gross manipulation but could frequently feel and perform fine manipulation. *Id.* Plaintiff should also be restricted from working around heights, moving machinery and

temperature extremes. Dr. Washington again rated plaintiff's pain as severe. *Id.*

In his decision, the administrative law judge found that plaintiff's severe impairments consist of mild degenerative disc disease, mild carpal tunnel syndrome and moderate neuropathy. *Page ID* 40. However, these conditions, whether considered singly or in combination, neither meet nor equal a listed impairment. Relying on the assessments of the state agency physicians, the administrative law judge went on to find that plaintiff has the residual functional capacity to lift and carry 10 pounds occasionally, sit for a total of 6 hours in an 8-hour workday, with normal breaks, stand and walk for a total of 2 hours in an 8-hour workday, with normal breaks, and push and pull within those limitations. She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl, and can frequently use her hands. *Page ID* 41. Relying on the testimony of the vocational expert, the administrative law judge found that this residual functional capacity permitted the performance of plaintiff's past relevant work as a research analyst. *Page ID* 43. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*,

nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth*, 402 F.3d at 595.

In her *Statement of Errors*, plaintiff contends that the administrative law judge erred in weighing the opinions of plaintiff's treating physicians. Plaintiff also argues that the administrative law judge failed to apply the appropriate standards in evaluating plaintiff's pain. Finally, plaintiff contends that the administrative law judge's finding regarding the limitations imposed by plaintiff's hand impairment was not supported by substantial evidence, leading the administrative law judge to erroneously find that plaintiff is able to perform a reduced range of sedentary work and her past work as a research analyst.

Opinions of treating physicians must be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If the administrative law judge finds that either of these criteria have not been met, he is then required to apply the following factors in determining the weight to be given a treating physician's opinion: "The length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. ..." *Wilson v. Comm'r of Soc.*

7

*Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In this regard, the administrative law judge is required to look at the record as a whole to determine whether substantial evidence is inconsistent with the treating physician's assessment. *See* 20 C.F.R. §§ 404.1527(d)(2),(4); 416.927(d)(2), (4).

In the case presently before the Court, the administrative law judge assigned "little weight" to the opinions of Drs. Travedi and Washington:

> In April 2010 and February 2011, Drs. Trivedi and Washington assessed the claimant's physical capacity. As a result of their assessments, Drs. Trivedi and Washington concluded that she is significantly limited to perform work activities over the course of an eight-hour day. Despite the treating relationships Drs. Trivedi and Washington share with the claimant, their opinions are not consistent with the record as a whole.
>
> . . . [P]hysical examinations of the claimant failed to yield remarkable findings. Thus, the claimant's physical examination[s] do not provide evidentiary support for the opinions of Drs. Trivedi and Washington that the claimant's physical functional capacity is limited to such a degree. Further, objective evidence in the form of an MRI of the claimant's lumbar spine, an EMG, and muscle strength testing have not yielded [sic] to support such extreme limitations. Accordingly, those results do not support Drs. Trivedi's and Washington's opinions that the claimant's alleged physical impairments severely limit her work activity. As a result of the inconsistency of Drs. Trivedi's and Washington's opinions with the record as a whole, the undersigned finds their opinions to be unpersuasive, and to merit little weight.

*Page ID* 42-43 (citations to record omitted). This Court concludes that the administrative law judge evaluated the assessments of plaintiff's treating physician in accordance with the appropriate standards and that his evaluation is supported by substantial evidence. Plaintiff's first contention is therefore without merit.

Plaintiff next challenges the administrative law judge's

assessment of plaintiff's credibility. Subjective complaints of disabling pain must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Arnett v. Comm'r of Soc. Sec.*, 76 Fed.Appx. 713, 716 (6th Cir. 2003); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230 (6th Cir. 1993). *See also* 42 U.S.C. §423(d)(5)(A). In evaluating subjective complaints of disabling pain, a court looks to the record to determine whether there is objective medical evidence of an underlying medical condition. If so, then the court must determine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 117 (6th Cir. 1994), citing *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating complaints of pain, an administrative law judge may properly consider the claimant's credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* citing *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). In all events, however, the credibility assessment must enjoy substantial support in the evidence. *Id.* citing *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978). When a claimant's testimony conflicts with medical records and other evidence, an administrative law judge may properly discount the claimant's testimony. *Id.* "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

An adverse credibility finding will be set aside only for a "compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

The administrative law judge evaluated plaintiff's credibility and subjective complaints as follows:

> . . . [T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause symptoms; however, the allegations concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with th[e] residual functional capacity assessment [found by the administrative law judge].
>
> In terms of the claimant's alleged physical impairments, the undersigned finds that the record contains evidence that undermines her allegations of disability. A MRI conducted on the claimant's lumbar spine in April 2009 revealed only mild degenerative disc disease at the L5-S1 level, with a posterior left para-midline annular tear and broad-based central disc protrusion at the same level, minimal foraminal narrowing, and no significant central spinal canal stenosis. Otherwise, the claimant's physician found the MRI unremarkable.
>
> A June 2009 electromyelogram demonstrated only moderate peripheral neuropathy in the claimant's lower extremities, medial neuropathy across her wrist with mild carpal tunnel syndrome on the left side only. Further, examinations of the claimant in May and June 2009 yielded unremarkable findings, as she exhibited full strength in all muscles, normal light touch except in her lateral anterior left shin and foot, and 2+ reflexes throughout upper and lower limbs bilaterally. Moreover, July and August 2009 physical and occupational therapy records reveal muscle testing results of the claimant's lower extremities that are generally unremarkable.
>
> Because of the many unremarkable examination findings, and lack of evidentiary support for her allegations of disability, the limitation to sedentary work is appropriate in accommodating the claimant's physical impairments.

*Page ID* 41, 42 (citations to record omitted).  Again, the Court finds that the administrative applied the appropriate standard and his evaluation of plaintiff's credibility and subjective complaints are supported by substantial evidence.  The Court therefore concludes that plaintiff's challenge to the decision of the Commissioner in this regard is without merit.

Finally, plaintiff alleges that the administrative law judge's findings regarding plaintiff's hand impairment lack substantial support in the record. The administrative law judge found that plaintiff can use her hands on a "frequent" basis.  *Page ID* 41.  In assessing plaintiff's residual functional capacity, the administrative law judge assigned "significant weight" to the opinion of the state agency physician, Dr. Bolz, although he also "discounted some of Dr. Bolz's findings regarding the claimant's exertional ability. . . ."  *Page ID* 42.[1]  Dr. Bolz, as noted *supra*, found that plaintiff could push and pull but he did not otherwise address a hand impairment in his December 2009 assessment.  *Page ID* 373-80.  Yet, evidence relating to plaintiff's hand was in the record reviewed by Dr. Bolz.  *See, e.g., Page ID* 290-93 (May 2009 EMG); *Page ID* 359 (October 2009 x-ray of left hand).  Moreover, Dr. Klyop, another state agency physician, affirmed Dr. Bolz's assessment in June 2010 and expressly represented that he "reviewed all the evidence in the file. . . ."  *Page ID* 469.  Of course, the file at that point included additional evidence relating to plaintiff's hand impairment.  *See, e.g., Page ID* 391 (January 2010 x-ray of the left hand).  The fact that the administrative law judge found plaintiff to be more limited in this regard than indicated by the state agency physicians is not a basis for rejecting his decision.  Moreover, Dr. Trivedi, one of plaintiff's own treating physicians, indicated that plaintiff could "frequently" engage in fine and gross manipulation.  *Page ID* 406.

---

[1] Although Dr. Bolz opined that plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently, *Page ID* 373-74, the administrative law judge found that plaintiff could lift and carry only 10 pounds occasionally.  *Page ID*

11

Dr. Washington, another of plaintiff's treating physicians, indicated that plaintiff could "frequently" engage in fine manipulation. *Page ID* 449. Although Dr. Washington also indicated that plaintiff could engage in gross manipulation only "occasionally," *id.*, he provided no medical findings in support of that assessment. *Id*. Under these circumstances, the Court concludes that the administrative law judge did not err in finding that plaintiff has the residual functional capacity to use her hands on a frequent basis.

In short, the Court concludes that the decision of the administrative law judge applied all appropriate standards and enjoys substantial support in the record.

It is therefore **RECOMMENDED** that the decision of the Commissioner of Social Security be affirmed and that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v.*

41.

*Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date: January 31, 2013          *s/Norah McCann King*
                                Norah McCann King
                                United States Magistrate Judge